# Titusville Electric Light and Power Company *v.* Titusville.

*Corporations—Electric light companies—Municipality—Exclusive privileges—Lighting streets.*

A grant by a city to an electric light company to supply " light, heat and power by electricity to persons, partnerships and corporations in the city and territory adjacent thereto, and to erect a plant and poles and necessary fixtures therefor, and run wires on the same on, over and under any and all streets, alleys and lanes in the said city," is not in derogation, either expressly or by implication, of the city's right to furnish street lamps in any part of the city where it was already furnishing them, and hence not in derogation of the city's right to provide them in any part of the city. Under such a grant the company has no exclusive privilege to furnish street lamps anywhere. The decisions relating to the exclusive privileges of water companies are not analogous.

Argued April 25, 1900.   Appeal, No. 128, Jan. T., 1900, by plaintiff, from decree of C. P. Crawford Co., Sept. T., 1897, No. 6, dismissing bill in equity in case of Titusville Electric Light and Power Company v. City of Titusville et al.   Before GREEN, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity for an injunction.

From the record it appeared that on July 5, 1892, the councils of the city of Titusville passed an ordinance providing that " Messrs. V. Neubert, James McCullough, Jr., George H. Fox, George P. Dravo, Frank R. Dravo, Joseph Buffington, A. C. Harton, B. F. Kraffert, A. Mandell, C. F. Emerson and assigns, be and are hereby granted the privilege of supplying light, heat and power by electricity to persons, partnerships and corporations in the city of Titusville, Pennsylvania, and territory adjacent thereto, and to erect a plant and poles and necessary fixtures therefor, and run wires on the same, on, over and under any and all streets, alleys and lanes in the said city, under the supervision of the street committee.

" Sec. 2. That the rights, privilege and franchise, hereby granted, are granted and accepted upon the consideration and express condition that said rights, privilege and franchise shall within twenty-five days from the date this ordinance becomes a law, be preserved and assigned by proper indenture of writing to the Titusville Electric Light and Power Company, for which application for charter is now pending."

Nothing was said in the ordinance as to the lighting of streets in the city.   The bill averred that the city had contracted for an electric light plant in violation of its contract with complainant.   The bill further averred as follows :

That at the time of the enactment of said ordinance, and acceptance thereof by the plaintiff, the said city owned and operated an electric light plant, the power of which was limited, the supply of light inadequate and of poor quality; the streets were only partially lighted and the citizens dissatisfied therewith; that the motive and intention of the city at the time of the enactment of said ordinance and of the plaintiff was to procure for the city and persons residing therein a sufficient and adequate supply of light by electricity in the

territory not covered by the defendant's plant, and for this object and with this intention and to supply this need the plaintiff's charter was procured and the contract embodied in said ordinance entered into; that the purpose and intention of the defendants is in the name of the city of Titusville to enlarge and increase the efficiency of the plant thereof so as to occupy the territory heretofore granted to the plaintiff, thereby impairing the value of the plaintiff's plant and decreasing its revenue, so that at the expiration of the said ten years it may acquire the same under an option at a price greatly below its actual cost.

The evidence tended to show that the purpose of the city in establishing the proposed electric plant was to increase the number of street lamps for the purpose of lighting the streets of the city.

The court in an opinion by THOMAS, P. J., dismissed the bill.

*Error assigned* was the decree of the court.

*C. Heydrick,* with him *J. P. Colter* and *M. F. Leason,* for appellant.—The ordinance having been accepted and acted upon by the plaintiff became a contract to impair which the city could do no lawful act: Dartmouth College v. Woodward, 4 Wheat. 518; Walla Walla City v. Water Co., 172 U. S. 1; Dillon on Municipal Corporations, sec. 450; Western Saving Fund v. Philadelphia, 31 Pa. 175; People v. San Francisco, 27 Cal. 655.

*George W. Haskins,* with him *John J. Henderson* and *George Frank Brown,* for appellee.—The distinction between public duties and private business is wide and obvious: Western Saving Fund v. Phila., 31 Pa. 175.

As against the public no right can pass by implication, or be included by construction, unless such implication or construction be necessary to carry out the contract: Penna. R. Co. v. Canal Commissioners, 21 Pa. 9; Com. v. Erie & N. E. R. R. Co., 27 Pa. 357; Johnson v. Phila., 60 Pa. 445; Scranton Electric Light & Heat Co.'s App., 122 Pa. 175; Warren Gas Light Co. v. Penna. Gas Co., 161 Pa. 513; Charles River Bridge Co. v. Warren Bridge Co., 11 Pet. 420; Fertilizing Co. v. Hyde Park, 97 U. S. 659.

PER CURIAM, May 7, 1900:

It is not claimed that the city is proposing to interfere with the right of the plaintiff to furnish light to the citizens of Titusville by means of incandescent lamps. It is only intending to increase the number of street lamps for the purpose of lighting the streets of the city. The plaintiff does not dispute the right, and indeed the exclusive right, of the city to furnish street lamps in those portions of the city in which it furnished street lamps before the organization of the plaintiff company. But the plaintiff does claim that the city has no right to furnish street lamps in the territory which was not supplied therewith at the time of the passage of the ordinance No. 276. The city however did not impose any such restriction upon its right in that regard, and we are unable to discover any implied restriction of this kind in any part of the ordinance. The grant of power is general to supply " light, heat and power by electricity to persons, partnerships and corporations in the city of Titusville, Pennsylvania, and territory adjacent thereto, and to erect a plant and poles and necessary fixtures ·therefor, and run wires on the same on, over and under any and all streets, alleys and lanes in the said city under the supervision of the street committee." This is a general grant of power to furnish electricity for light, heat and power in all parts of the city, yet it is not contended, and could not be, that it is in derogation either by expression or implication, of the city's right to furnish street lamps in any part of the city where they were already furnishing them, and hence it is no derogation of the city's right to provide them in any part of the city. There is indeed nothing said in the ordinance on the subject of street lighting, and hence while it may be conceded that the company could furnish street lamps anywhere if asked to do so, there is no grant of any exclusive privilege to furnish such lamps anywhere. Our decisions in the water cases are not analogous. There the whole function of furnishing water, all water was delegated to the company, the city yielding its own right to furnish any, and substituting the company to perform the duty in the city's own place and stead. Having thus exercised its option to furnish, either by itself or by another, and conferred the power entirely on another, we held it could not subse-

quently resume its original franchise to the detriment of its grantee. But there are no such facts here.

Decree affirmed and appeal dismissed at the cost of the appellant.